LISA UDLAND
Deputy Attorney General
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Shannon.M.Vincent@doj.state.or.us
          Youngwoo.joh@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GARDEN PATH FERMENTATION LLC, FORTIS BREWING COMPANY LLC d/b/a FORTSIDE BREWING, MIRAGE BEER LLC, and JOSEPH ODDEN, | Case No.  3:22-cv-01086-SI |
| Plaintiffs, | DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT |
| v. | **Fed. R. Civ. P. 12(b)(1)** |
| KATE BROWN, Governor of Oregon, ELLEN ROSENBLUM, Attorney General of Oregon, and PAUL ROSENBAUM, Chairperson of the Oregon Liquor and Cannabis Commission, | |
| Defendants. | |

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7-1(a)(1)(A), defense counsel certifies that the parties made a good faith effort to resolve the dispute in this motion by telephone but were unable to do so.

## MOTION

Plaintiffs—one beer consumer who lives in Oregon and three breweries that operate in Washington State—challenge the constitutionality of two aspects of Oregon's regulatory scheme for alcohol.  First, Plaintiffs challenge the reciprocity requirement in Oregon's permitting program for direct shipments of beer to consumers.  Second, Plaintiffs challenge restrictions on out-of-state breweries' ability to self-distribute to Oregon retailers.  Plaintiffs claim that these regulatory provisions violate the Commerce Clause of the U.S. Constitution, and they seek prospective declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02.

Plaintiffs name three defendants in this case, all of whom are named in their official capacities:  Governor Kate Brown; Attorney General Ellen Rosenblum; and Paul Rosenbaum, who is Chairperson of the Oregon Liquor and Cannabis Commission (OLCC).  None of the defendants are independently responsible for administering or enforcing the at-issue statutory and regulatory provisions, which strips the Court of subject-matter jurisdiction for two reasons. First, Defendants are immune from suit in this Court under the Eleventh Amendment.  And second, Plaintiffs lack standing because their alleged injuries are neither:  (1) fairly traceable to Defendants; nor (2) likely to be redressed by the relief that Plaintiffs are seeking.  Accordingly, Defendants move the Court for an order dismissing this lawsuit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

This motion is based on the following memorandum of law and the pleadings on file.

## MEMORANDUM OF LAW

I.    **Statement of Facts.**

A.    **Plaintiffs' challenges to Oregon's regulatory scheme for alcohol.**

Plaintiff Joseph Odden is an Oregon resident and "beer collector and desires to purchase special beers that are difficult to locate." (Compl., Dkt. #1, ¶ 3).  He would like to purchase craft beer from Washington State breweries and have those beers shipped to his Oregon residence, but he alleges that Oregon's at-issue regulatory provisions prevent him from doing so.  (*Id.*).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Plaintiffs Garden Path, Fortside Brewing, and Mirage Beer LLC (collectively, "Brewery Plaintiffs") are Washington companies that operate breweries in Washington State.  (*Id.* at ¶¶ 4, 6, 8).  Brewery Plaintiffs allege that they wish to obtain permits to ship beer directly to Oregon consumers and to self-distribute to Oregon retailers, but that Oregon's at-issue regulatory provisions prevent them from doing so.  (*Id.* at ¶¶ 4, 6, 8, 35-36).

The two at-issue aspects of Oregon's regulatory scheme for alcohol are as follows:

### 1.    Direct-to-consumer shipping regulations.

Plaintiffs challenge the reciprocity requirement in Oregon's permitting program for direct shipments of beer to consumers.  (*Id.* at ¶¶ 9, 19-20).  The relevant statute provides:

> The holder of a direct shipper permit that is a licensee of another state may deliver malt beverages under the permit only if that other state makes direct shipper permits, or the equivalent, available for the delivery of malt beverages by persons holding a license issued by the commission authorizing the manufacture or retail sale of malt beverages.

Or. Rev. Stat. § 471.282(2).  Brewery Plaintiffs allege that they are unable to obtain permits under this statute because Washington State does not currently provide direct-to-consumer shipping privileges.  (Compl., Dkt. #1, ¶ 9).  And Mr. Odden alleges that he cannot purchase beers from Brewery Plaintiffs to add to his collection due to this same statute.  (*Id.* at ¶¶ 3, 28).

### 2.    Self-distribution regulations.

Brewery Plaintiffs challenge restrictions on out-of-state breweries' ability to self-distribute to retailers.  (*Id.* at ¶ 33).  Brewery Plaintiffs allege that "In the State of Oregon, a resident beer producer may self-distribute directly to Oregon full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments any beer that it produces under the provisions of O.R.S. §§ 471.200 and 471.221."  (*Id.* at ¶ 32).  Brewery Plaintiffs allege that because they are not located in Oregon, they "are prohibited by law under O.R.S. § 471.404 from self-distributing directly to Oregon [retailers]."  (*Id.* at ¶ 33).  Brewery Plaintiffs allege that, but for these regulations, they could "distribute their own products to Portland establishments . . . at a huge cost savings . . . ."  (*Id.* at ¶ 35).

Page 3 -    DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**B.    Enforcement of OLCC's at-issue regulatory provisions.**

Oregon's Liquor Control Act is codified in Oregon Revised Statute Chapter 471 "and ORS 474.105 and 474.115." Or. Rev. Stat. § 471.027 ("This chapter and ORS 474.105 and 474.115 shall be known and may be cited as the 'Liquor Control Act.'"). Oregon Revised Statute Chapter 471 sets forth regulations for alcoholic liquors generally. Oregon Revised Statute § 474.105 relates to the "maint[enance] and . . . promot[ion of] the continued availability of good quality malt beverages for the consumers of Oregon." Or. Rev. Stat. § 474.105. And Oregon Revised Statute § 474.115 sets forth certain restrictions on malt beverage wholesalers, such as where they may sell malt beverages and quality control requirements. Or. Rev. Stat. § 474.115.

OLCC is empowered to enforce the Liquor Control Act. OLCC's "function, duties and powers" include, among other things, the power:

> (1) To control the manufacture, possession, sale, purchase, transportation, importation and delivery of alcoholic liquor in accordance with the provisions of this chapter and ORS 474.105 and 474.115.
>
> (2) To grant, refuse, suspend or cancel licenses and permits for the sale or manufacture of alcoholic liquor, or other licenses and permits in regard thereto . . . .
>
> [and] (4) To investigate and aid in the prosecution of every violation of statutes relating to alcoholic liquors . . . .

Or. Rev. Stat. § 471.730. "The jurisdiction, supervision, powers and duties of the commission extend to any person who buys, sells, manufactures, imports or transports any alcoholic liquor within this state." Or. Rev. Stat. § 471.040(1).

By statute, OLCC consists of seven governor-appointed commissioners. Or. Rev. Stat. § 471.705(1). The seven commissioners must come from different congressional districts, geographic regions, backgrounds (one must be from the food and alcoholic beverage retail industry), and political parties. *Id.* Commissioners must also be Oregon electors, at least 30 years old, and Oregon residents for at least five years before their appointments (and maintain their residency or industry qualifications for as long as they serve). Or. Rev. Stat. § 471.705(2).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

The governor designates OLCC's chairperson, Or. Rev. Stat. § 471.705(1), who cannot be "[t]he member from the food and alcoholic beverage retail industry." Or. Rev. Stat. § 471.715(1). The chairperson "shall preside at all meetings of the Oregon Liquor and Cannabis Commission or, in the chairperson's absence, some other member may serve as chairperson." *Id.*

Together, "A majority of the commissioners constitutes a quorum for the transaction of any business, for the performance of any duty or for the exercise of any power of the commission." Or. Rev. Stat. § 471.715(2).

### C.    The named defendants.

Plaintiffs name only one commissioner as a defendant in this case—OLCC's chairperson—in addition to the Governor and the Attorney General.

### 1.    Governor Brown.

Plaintiffs are silent about Governor Brown's role in enforcing or administering OLCC's at-issue regulatory provisions. The only place that Plaintiffs refer to Governor Brown in their Complaint is in its caption. Plaintiffs do not refer to Governor Brown in Paragraphs 14-17 of their Complaint (the allegations in which they discuss suing defendants in their official capacities), nor do any of Plaintiffs' other substantive allegations refer to Governor Brown. (Compl., Dkt. #1).

### 2.    Attorney General Rosenblum.

Plaintiffs allege that Attorney General Rosenblum "is generally empowered to enforce Oregon laws" and "oversees state law enforcement agencies, is responsible for legal services, advice and representation of state boards and commissions, and is the state official responsible for addressing issues of the constitutionality of state laws." (Compl., Dkt. #1, ¶ 16).

### 3.    Chairperson Rosenbaum.

As to Chairperson Rosenbaum, Plaintiffs allege that as OLCC's chairperson he "is charged with enforcing Oregon liquor control laws, rules, and practices, including the ones challenged in this lawsuit, pursuant to O.R.S. § 471.040." (*Id.* at ¶ 15).

Page 5 -    DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
SMV/mm8/541671144

## II.    Applicable Legal Standard.

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). In a Rule 12(b)(1) motion, a defendant may raise justiciability issues like sovereign immunity and standing. *See, e.g.*, *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion."); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313 (9th Cir. 2017) (raising standing).

The legal standard that applies to a Rule 12(b)(1) motion depends on whether it asserts a facial challenge or a factual challenge. A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge asserts that subject-matter jurisdiction does not exist, independent of what is stated in the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In contrast with a facial challenge, a court taking up a factual challenge "may look beyond the complaint to matters of public record," *id.*, and extrinsic evidence, *Safe Air for Everyone*, 373 F.3d at 1039.

Where, as here, a defendant brings a facial challenge, the Court resolves the Rule 12(b)(1) motion "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The court need not, however, "accept conclusory allegations or legal characterizations as true." *Oregon Wild v. Connor*, Case No. No. 6:09–CV–00185–AA, 2012 WL 3756327, *1 (D. Or. Aug. 27, 2012).

"Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. Env't Prot. Agency*, 509 F.3d 1095, 1105 n.1 (9th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Page 6 -   DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
SMV/mm8/541671144

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## III.    Legal Argument.

The Court does not have subject-matter jurisdiction over this case for two reasons:  (A) Defendants are immune from suit in this Court under the Eleventh Amendment; and (B) Plaintiffs lack standing because their alleged injuries are neither fairly traceable to Defendants nor likely to be redressed by the relief that Plaintiffs are seeking.

### A.    Defendants are immune from suit under the Eleventh Amendment.

Plaintiffs bring their claims under the Constitution of the United States and 42 U.S.C. § 1983.  (Compl., Dkt. #1, p. 2).  "Claims under § 1983 are limited by the scope of the Eleventh Amendment."  *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

The Eleventh Amendment bars suits against a state in federal court for all types of legal or equitable relief in the absence of consent by the state or abrogation of that immunity by Congress.  *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  "The Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest.'"  *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101 (citation omitted).  The "'general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'"  *Id.* (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam)).  "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."  *Id.* at 101-02.

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in *Ex parte Young*.  209 U.S. 123 (1908).  The *Ex parte Young* exception allows "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law."  *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000).  For the *Ex parte Young* exception to apply, however, the state officer must have a connection with the enforcement of

Page 7 -   DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
SMV/mm8/541671144

the allegedly unconstitutional statute. *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long*, 961 F.2d at 152; *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983)). Further, "there must be a threat of enforcement." *Long*, 961 F.2d at 152. "Absent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Id.*

Here, Plaintiffs' Complaint contains no allegations establishing Governor Brown's, Attorney General Rosenblum's, or Chairperson Rosenbaum's connection—direct or otherwise— to the enforcement of the at-issue regulatory provisions. Plaintiffs' allegations regarding enforcement are nonexistent as to Governor Brown, conclusory as to Attorney General Rosenblum, and unwarranted deductions of fact as to Chairperson Rosenbaum. These are not the types of allegations that the Court must accept as true for Defendants' Rule 12(b)(1) facial challenge to Plaintiffs' Complaint. *Oregon Wild*, 2012 WL 3756327 at *1.

### 1.    Governor Brown.

Assuming Plaintiffs named Governor Brown as a defendant in this case due to her general obligation to faithfully execute the State's laws, that general obligation does not make her a proper defendant. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847, *amended by* 312 F.3d 416 (9th Cir. 2002) (holding suit was "barred against the Governor and the state Secretary of Resources, as there is no showing that they have the requisite enforcement connection to Proposition 4"); *see also, e.g.*, *Weinstein v. Edgar*, 826 F. Supp. 1165, 1167 (N.D. Ill. 1993) (stating that if a Governor's general obligation to faithfully execute the laws was a sufficient connection to enforcement of a challenged statute, "then the constitutionality of every statute enacted by the Illinois legislature necessarily could be challenged by merely naming the Governor as a party defendant"). Thus, Plaintiffs' claims against Governor Brown are barred.

Page 8 -    DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
SMV/mm8/541671144

## 2.    Attorney General Rosenblum.

Likewise, Attorney General Rosenblum is sued in her official capacity, apparently because she "oversees state law enforcement agencies" and "is the state official responsible for addressing issues of the constitutionality of state laws."  (Compl., Dkt. #1, ¶ 16).  Under *Long v. Van de Kamp*, such general allegations are an insufficient basis to overcome Eleventh Amendment immunity.  961 F.2d at 152.  In *Long*, the plaintiffs challenged a California statute authorizing warrantless searches of automobile repair shops without probable cause after being the subject of surprise searches carried out by county deputy sheriffs and members of the California Highway Patrol.  *Long v. Van de Kamp*, 772 F. Supp. 1141, 1142 (C.D. Cal. 1991).[1] The Ninth Circuit held that "the general supervisory powers of the California Attorney General" did not establish the enforcement connection required by *Ex parte Young*.  *Long*, 961 F.2d at 152.  There was also no threat that the statute would be enforced by the Attorney General, who "ha[d] not in any way indicated that he intend[ed] to enforce" the law.  *Id.*

Similarly, here, Plaintiffs have not alleged any connection between Attorney General Rosenblum and enforcement of the at-issue regulatory provisions, nor have they alleged that there is a likelihood that she will employ her supervisory powers against their interests.  Thus, Plaintiffs' claims against Attorney General Rosenblum are barred.

## 3.    Chairperson Rosenbaum.

Finally, as to Chairperson Rosenbaum, Plaintiffs make an unwarranted deduction of fact when they allege that he "is charged with enforcing Oregon liquor control laws, rules, and practices . . . pursuant to O.R.S. § 471.040."  (Compl., Dkt. #1, ¶ 15).  That statute does not outline Chairperson Rosenbaum's role or state that he has any independent authority to enforce or administer OLCC's laws, rules, or practices.  Instead, it refers to the *commission's* "powers and duties" under the Liquor Control Act.  Or. Rev. Stat. § 471.040(1).

---

[1] The court of appeals' decision incorporated by reference the facts of the case as set forth in the district court's opinion.  *Long*, 961 F.2d at 152.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Chairperson Rosenbaum is not the commission—he is one of seven commissioners, who is chosen by the governor to preside over all OLCC meetings at which he is present.  Or. Rev. Stat. § 471.715(1).  OLCC cannot act through Chairperson Rosenbaum alone.  The commission acts through "[a] majority of the commissioners," who "constitute[] a quorum for the transaction of any business, for the performance of any duty or for the exercise of any power of the commission."  Or. Rev. Stat. § 471.715(2).  In these circumstances, the Court must dismiss Chairperson Rosenbaum from this case because—alone—he does not have a sufficient connection with the enforcement of the at-issue regulatory provisions for the *Ex parte Young* exception to apply.  Thus, Plaintiffs' claims against Chairperson Rosenbaum are barred.

In sum, the Court must dismiss this case for lack of subject-matter jurisdiction because Defendants are immune from suit in this court under the Eleventh Amendment.

**B.    Plaintiffs lack standing because their alleged injuries are neither fairly traceable to Defendants nor likely to be redressed by the relief that Plaintiffs are seeking.**

Article III of the United States Constitution limits federal jurisdiction to "cases" and "controversies."  Art. III, § 2; *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976).  To satisfy the "irreducible constitutional minimum of standing," a plaintiff must show an "injury in fact" that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "The party invoking federal jurisdiction bears the burden of establishing these elements."  *Id.* at 561.

Here, Plaintiffs cannot meet this jurisdictional prerequisite for two reasons:  (1) their alleged injuries are not fairly traceable to Defendants; and (2) their alleged injuries are not likely to be redressed by the relief that they are seeking from Defendants.

### 1.    Alleged injuries not fairly traceable.

As already discussed, Defendants have no direct independent connection to the enforcement of the at-issue regulatory provisions.  As such, Plaintiffs cannot establish that their alleged injuries are fairly traceable to Defendants, and Plaintiffs lack standing for their claims.

SMV/mm8/541671144

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**2.    Alleged injuries not likely to be redressed by relief sought.**

Just as Plaintiffs cannot establish that Defendants caused their alleged injuries, they also cannot establish that the declaratory and injunctive relief that they seek from Defendants would redress those alleged injuries—Defendants have no independent enforcement authority.

Redressability requires that it be "be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561. In *Lujan v. Defenders of Wildlife*, the Supreme Court concluded that the plaintiffs lacked standing because their alleged injuries were not redressable. *Id.* at 568–71. There, the remedy for redressing the plaintiffs' harms depended on independent funding agencies who were not parties to the lawsuit. *Id.* at 569-70. Because the trial court had no authority over those other agencies, the redressability of plaintiffs' harms was merely speculative. *Id.* at 571; *see also, e.g.*, *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976) ("[T]he 'case or controversy' limitation of Art. III still requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court.").

Here, like the plaintiffs in *Lujan*, Plaintiffs cannot establish that their alleged injuries are likely to be redressed by the declaratory and injunctive relief that they are seeking from Defendants, because the defendants before the Court do not have the independent authority to enforce OLCC's at-issue regulatory provisions. Instead, enforcement lies with "A majority of the commissioners [that] constitute[] a quorum . . . for the exercise of any power of the commission." Or. Rev. Stat. § 471.715(2).

In sum, Plaintiffs cannot carry their burden of establishing that their alleged injuries in this case are either fairly traceable to Defendants or likely to be redressed by the declaratory and injunctive relief that they are seeking against Defendants. As alleged, Plaintiffs' claims fall below the irreducible constitutional minimum for Article III standing, so the Court must dismiss this case for lack of subject-matter jurisdiction.

SMV/mm8/541671144

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**IV.    Conclusion.**

For the foregoing reasons, the Court must dismiss Plaintiffs' Complaint for lack of

subject-matter jurisdiction.

DATED September __28__, 2022.

Respectfully submitted,

LISA UDLAND
Deputy Attorney General


_s/ Shannon M. Vincent_
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Shannon.M.Vincent@doj.state.or.us
Youngwoo.joh@doj.state.or.us
Of Attorneys for Defendants

Page 12 -  DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
SMV/mm8/541671144