LISA UDLAND
Deputy Attorney General
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Shannon.M.Vincent@doj.state.or.us
            YoungWoo.Joh@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GARDEN PATH FERMENTATION LLC, FORTIS BREWING COMPANY LLC d/b/a FORTSIDE BREWING, MIRAGE BEER LLC, and JOSEPH ODDEN,<br><br>Plaintiffs,<br><br>v.<br><br>KATE BROWN, Governor of Oregon, ELLEN ROSENBLUM, Attorney General of Oregon, and PAUL ROSENBAUM, Chairperson of the Oregon Liquor and Cannabis Commission, JENNIFER CURRIN, Commissioner of the Oregon Liquor and Cannabis Commission, DENNIS DOHERTY, Commissioner of the Oregon Liquor and Cannabis Commission, KIAUNA FLOYD, Commissioner of the Oregon Liquor and Cannabis Commission, FAY GYAPONG-PORTER, Commissioner of the Oregon Liquor and Cannabis Commission, MATT MALETIS, Commissioner of the Oregon Liquor and Cannabis Commission, and MARVIN RÉVOAL, Commissioner of the Oregon Liquor and Cannabis Commission<br><br>Defendants. | Case No.  3:22-cv-01086-SI<br><br>DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT |

Page 1 -   DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT
           SMV/mm8/547380032

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## LR 7-1(a) CERTIFICATE OF CONFERRAL

The parties conferred and, despite good-faith efforts, were unable to resolve the disputes in this motion.

## MOTION

Defendants move this Court for an order striking Plaintiffs' First Amended Complaint (ECF 27) as either untimely under Federal Rule of Civil Procedure 15(a)(1)(B), or as improperly filed without Defendants' consent or the Court's leave, as required by Rule 15(a)(2). This motion is supported by the memorandum below and this case's record.

## MEMORANDUM OF LAW

Plaintiffs Garden Path Fermentation, Fortside Brewing, Mirage Beer, and Joseph Odden filed this 42 U.S.C. § 1983 action, alleging that parts of Oregon's liquor laws violate the Commerce Clause of the U.S. Constitution. (Compl. ECF 1.) The original complaint named as defendants Governor Brown, Attorney General Rosenblum, and OLCC Chairperson Rosenbaum. In response, those defendants moved to dismiss the Complaint on both sovereign immunity and Article III standing grounds. (Defs.' Mot. to Dismiss, ECF 24.) Those defendants have since conceded the Motion to Dismiss as to the Attorney General. (Defs.' Reply in Supp. of Mot. to Dismiss at 2, ECF 26.)

Following completion of briefing on the Motion to Dismiss, but before this Court's ruling on that motion, Plaintiffs filed their First Amended Complaint (ECF 27). But this Court should strike that filing, because it is either untimely under Federal Rule of Civil Procedure 15(a)(1)(B) or noncompliant with Rule 15(a)(2).

First, if Plaintiffs sought to file the amended complaint under Rule 15(a)(1)(B), they missed their deadline to do so. As relevant here, that rule provides that a "party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ." Defendants Governor Brown, Attorney General Rosenblum, and Chairperson Rosenbaum served their Rule 12(b) Motion to Dismiss (ECF 24) via ECF on September 28. Fed. R. Civ. P. 5(b)(2)(E). In turn, Plaintiffs filed their amended complaint on October 24, which is

Page 2 -    DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT
SMV/mm8/547380032

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

26 days after service of the Rule 12(b) motion. (First Am. Compl., ECF 27.) Plaintiffs' amended complaint is thus five days late and cannot be filed as a matter of course under Rule 15(a)(1)(B).

Second, Plaintiffs also could not file the amended complaint under Rule 15(a)(2), because they did not obtain Defendants' consent, nor did they obtain the Court's leave. Plaintiffs offered a copy of the First Amended Complaint as a proposed amended complaint in their response to the Motion to Dismiss. (Pls.' MTD Resp. at 4, ECF 25.) Even if that offer were a request for leave to amend, this Court has yet to rule on that request. And the then-named defendants did not understand that as a request for consent and have therefore not had an opportunity to provide (or decline) that consent. (*See* Defs.' MTD Reply at 7, ECF 26 ("Presumably, Plaintiffs seek to await this Court's ruling on Defendants' motion prior to filing.").) Plaintiffs' filing of their First Amended Complaint was thus noncompliant with Rule 15(a)(2).

In sum, this Court should strike Plaintiffs' First Amended Complaint, because it is noncompliant with the procedure prescribed by Rule 15.

Alternatively, this Court could rule on the non-moot issues in the Motion to Dismiss as applied to the First Amended Complaint. For cases in which an "amended complaint is practically identical to the original complaint," courts of this circuit have construed motions to dismiss the original complaint "as challenging the sufficiency of the latter complaint." *Williams v. S. Or. Credit Serv., Inc.*, No. 1:16-cv-01707, 2016 WL 8261902 at *1 (D. Or. Dec. 16, 2016) (citing *Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F.Supp.3d 1123, 1141 (C.D. Cal. 2015)) (quotation marks and brackets omitted). That is the case when, for example, "plaintiff[s] simply add[] new defendants, but the factual and legal arguments appear[] not to change and the parties ha[ve] fully briefed the motion as it pertained to the original complaint." *Id.* (analogizing to *Shame on You Productions*, 120 F.Supp.3d at 1140–42, which involved a motion for judgment on the pleadings).

Page 3 -    DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT
            SMV/mm8/547380032

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Although it does not appear that the Ninth Circuit has spoken on the issue, other federal circuits have adopted that approach. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (holding that amended pleadings do not "dictate that a pending motion to dismiss is automatically rendered moot" and that district courts have discretion to "consider the merits of the motion, analyzing the facts as alleged in the amended pleading"); *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("[D]istrict courts may exercise their discretion and apply a pending motion to dismiss to portions of an amended complaint that are substantially identical to the original complaint." (Quotation marks omitted.)). And that approach makes sense, because it prevents duplicative efforts of the court and the parties in rebriefing issues that have already been fully briefed.

This Court should follow *Williams*, because the same reasoning applies here. In the Motion to Dismiss, the then-named defendants raised jurisdictional bases for dismissal of the claims against the Governor on both the grounds of Eleventh Amendment immunity and Plaintiffs' constitutional standing. (Defs.' MTD at 8, 10–11, ECF 24.) In response, Plaintiffs argued against dismissal by pointing out the Governor's power to appoint and remove OLCC commissioners, as well as her authority to designate the chairperson. (Pls.' MTD Resp. at 5–7, ECF 25.) The then-named defendants countered those arguments in their reply brief. (Defs.' MTD Reply at 3–7, ECF 26.) As to the Governor, Plaintiffs' First Amended Complaint only adds the legal arguments raised in their response brief, and raises no new factual or legal issues that affect the analysis in the Motion to Dismiss. (*See* First Am. Compl. ¶ 15, ECF 27 (adding allegations consistent with response brief); Pls.' MTD Resp. at 9, ECF 25 (representing that "proposed First Amended Complaint further adds allegations regarding the enforcement powers of Governor brown and Attorney General Rosenblum consistent with this legal memorandum")). As a result, Plaintiffs' amended complaint does not moot the issues as to the Governor, the factual and legal arguments remain the same, those arguments have been fully briefed, and those arguments thus remain appropriate for this Court's ruling.

Page 4 -    DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT
SMV/mm8/547380032

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CONCLUSION

For the above reasons, this Court should strike Plaintiffs' First Amended Complaint (ECF 27) as untimely. Alternatively, Defendants request that this Court exercise its discretion, as recognized in *Williams* (D. Or.) and *Pettaway* (2d Cir.), and rule on the Motion to Dismiss (ECF 24) the original complaint as applied to the First Amended Complaint.

DATED October  28 , 2022.

Respectfully submitted,

LISA UDLAND
Deputy Attorney General


*s/ YoungWoo Joh*
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
YOUNGWOO JOH #164105
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Shannon.M.Vincent@doj.state.or.us
YoungWoo.Joh@doj.state.or.us
Of Attorneys for Defendants

Page 5 -   DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT
SMV/mm8/547380032

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791