IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH ODDEN, GARDEN PATH FERMENTATION LLC**, **FORTIS BREWING COMPANY LLC** d/b/a **FORTSIDE BREWING**, and **MIRAGE BEER LLC**, | Case No. 3:22-cv-1086-SI<br><br>**OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| **TINA KOTEK**, Governor of Oregon, in her official capacity, **ELLEN ROSENBLUM**, Attorney General of Oregon, in her official capacity, **PAUL ROSENBAUM**, Chairperson of the Oregon Liquor and Cannabis Commission, in his official capacity, **JENNIFER CURRIN**, Commissioner of the Oregon Liquor and Cannabis Commission, in her official capacity, **DENNIS DOHERTY**, Commissioner of the Oregon Liquor and Cannabis Commission, in his official capacity, **KIAUNA FLOYD**, Commissioner of the Oregon Liquor and Cannabis Commission, in her official capacity, **FAY GYAPONG-PORTER**, Commissioner of the Oregon Liquor and Cannabis Commission, in her official capacity, **MATT MALETIS**, Commissioner of the Oregon Liquor and Cannabis Commission, in his official capacity, and **MARVIN RÉVOAL**, Commissioner of the Oregon Liquor and Cannabis Commission in his official capacity, | |
| Defendants. | |

PAGE 1 – OPINION AND ORDER

Alexander Avtgis and Robert Epstein, EPSTEIN SEIF PORTER & BEUTELL LLC, 50 S Meridian Street, Suite 505, Indianapolis, IN 46204; James A. Tanford, EPSTEIN SEIF PORTER & BEUTELL LLC, 2303 Woodcock Place, Bloomington, IN 47401; Judith A. Parker, J.A. LAW FIRM LLC, PO Box 6555, Portland, OR 97228. Of Attorneys for Plaintiffs.

Sheila H. Porter, Senior Assistant Attorney General, YoungWoo Joh, Assistant Attorney General, and Bijal C. Patel, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, OR 97201. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs Garden Path Fermentation LLC, Fortside Brewing, Mirage Beer LLC, and Joseph Odden (Odden) bring this lawsuit against Oregon state officials in their official capacities. Plaintiffs' original complaint named Oregon Governor Tina Kotek,[1] Oregon Attorney General Ellen Rosenblum, and Chairperson of the Oregon Liquor and Cannabis Commission (OLCC) Paul Rosenbaum. The OLCC is the state agency charged with enforcing Oregon's liquor control laws. Or. Rev. Stat. (ORS) § 471.040.

Against all Defendants, Plaintiffs assert federal civil rights claims under 42 U.S.C. § 1983. Plaintiffs allege that Oregon's statutory and regulatory frameworks relating to directly shipping beer to consumers and distributing beer to retail establishments violate the Commerce Clause of the United States Constitution by discriminating against interstate commerce and shielding local businesses from competition. Plaintiffs seek declaratory relief and to enjoin Defendants from enforcing the parts of these statutes and regulations that Plaintiffs allege to be unconstitutional.

Defendants moved to dismiss. Defendants argue that Plaintiffs' claims are barred by the Eleventh Amendment and that Plaintiffs lack standing to request the prospective equitable relief

---

[1] At the time of filing their complaint, Plaintiffs named then-Governor Kate Brown, in her official capacity, as a defendant. Under Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes current Governor Tina Kotek in place of Governor Brown.

PAGE 2 – OPINION AND ORDER

they seek. In their response, Plaintiffs request leave under Rule 15(a)(1) of the Federal Rules of Civil Procedure to file an amended complaint and attach their proposed First Amended Complaint. After Defendants replied that no amended complaint had yet been filed, Plaintiffs filed their First Amended Complaint. In that pleading, Plaintiffs add as defendants the six other OLCC Commissioners but do not substantively change their claims. Defendants then moved to strike the First Amended Complaint, arguing that Plaintiffs' First Amended Complaint is either untimely under Rule 15(a)(1)(B) or improperly filed without Defendants' consent or leave of the Court, as required by Rule 15(a)(2).

Besides naming six new defendants, Plaintiffs' amended complaint is substantially identical to their original complaint. The Court therefore construes Defendants' motion to dismiss as against Plaintiffs' First Amended Complaint. *See, e.g.*, *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("[D]istrict courts may exercise their discretion and apply a pending motion to dismiss to portions of an amended complaint that are substantially identical to the original complaint." (quotation marks omitted)); *see also McQuiston v. City of Los Angeles*, 564 F. App'x 303, 305-06 (9th Cir. 2014) (holding that the district court did not err by applying the defendant's motion for judgment on the pleadings to an amended complaint when the amended complaint did not present any new factual allegations or legal arguments and there was no prejudice flowing from the district court's decision).

Defendants originally sought to dismiss the claims against all three original defendants: Governor Kotek, Attorney General Rosenblum, and Chairperson Rosenbaum. In their reply to the motion to dismiss, Defendants conceded that the Court has subject matter jurisdiction over the Attorney General and the Chairperson. Defendants also conceded that Plaintiffs have standing to sue the Attorney General and the Chairperson. Thus, the Court only considers

PAGE 3 – OPINION AND ORDER

Defendants' motion to dismiss Governor Kotek. For the reasons discussed below, the Court denies Defendants' motion to strike and grants in part Defendants' motion to dismiss.[2]

## STANDARDS

### A. Rule 12(b)(1) Motion to Dismiss

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A defense of lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

In a Rule 12(b)(1) motion, a defendant may raise jurisdictional issues like standing and quasi-jurisdictional issues like sovereign immunity. *See, e.g.*, *Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1121 (9th Cir. 2010) (addressing standing on a Rule 12(b)(1) motion to dismiss); *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion."). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th

---

[2] The Court does not believe that oral argument would assist in resolving the pending motions. *See* LR 7 1(d)(1).

PAGE 4 – OPINION AND ORDER

Cir. 2015) (noting that when a court lacks subject matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)).

Defendants brings a facial challenge to the Court's subject matter jurisdiction. For facial attacks, the Court resolves the Rule 12(b)(1) motion "as it would a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Thus, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the [C]ourt's jurisdiction," the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor . . . ." *Id*.

**B.  Eleventh Amendment Sovereign Immunity**

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, --- U.S. ---, 142 S. Ct. 522, 532 (2021). Under the Eleventh Amendment, states are protected from suit in federal court. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003). In *Ex parte Young*, the Supreme Court established a limited exception to Eleventh Amendment sovereign immunity for certain suits seeking prospective injunctive relief against a state official in his or her official capacity. 209 U.S. 123, 159-60 (1908). For a plaintiff to sue a state official under *Ex*

PAGE 5 – OPINION AND ORDER

*parte Young*, that official "must have some connection with the enforcement" of the challenged law, and that connection must be more direct than a "generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (quoting *Ex parte Young*, 209 U.S. at 157).

## BACKGROUND

Plaintiffs Garden Path Fermentation LLC, Fortside Brewing, and Mirage Beer LLC (Brewery Plaintiffs) are Washington beer producers. Although located in Washington, they conduct a portion of their business with Oregon retail establishments. They currently distribute their products to these establishments through a wholesaler. To save costs, they seek to distribute their products directly to Oregon bar establishments.

Over time, Brewery Plaintiffs also have developed long-term relationships with Oregon consumers. These consumers would like to purchase Brewery Plaintiffs' beer online and have Brewery Plaintiffs ship that beer directly to the consumers' homes. Plaintiff Odden, an Oregon resident and beer collector, is one such consumer. Brewery Plaintiffs seek to ship their products directly to Oregon consumers. Plaintiff Odden seeks to receive malt beverage products directly from Washington beer producers.

On July 26, 2022, Plaintiffs filed their original complaint. On October 24, 2022, Plaintiffs filed their First Amended Complaint, which added the six new defendants but did not substantively change Plaintiffs' claims. Plaintiffs allege that parts of Oregon's Liquor Control Act and its corresponding regulations violate the Commerce Clause by discriminating against interstate commerce and shielding local businesses from competition. *See* ORS § 471.027 (stating that ORS Chapter 471, ORS § 474.105, and ORS § 474.115 may be cited as the Liquor

Control Act). Plaintiffs seek declaratory relief and to enjoin Defendants from enforcing the allegedly unconstitutional portions of the challenged statutes and regulations.

Plaintiffs allege that Oregon beer producers may self-distribute any malt beverage produced with permits obtained under either ORS § 471.200 or § 471.221 to certain Oregon retail establishments. Conversely, Plaintiffs allege that ORS § 471.404 prohibits beer producers outside of Oregon from self-distributing their malt beverages to any Oregon retail establishments.

Plaintiffs also allege that under ORS § 471.282 and OAR § 845-006-392, Oregon beer producers may obtain a direct shipper permit that allows them to sell and ship their malt beverages directly to Oregon consumers. Plaintiffs allege that under ORS § 471.282 and OAR §§ 845-005-0417 and 845-006-0396, out-of-state beer producers also are allowed to obtain a direct shipper permit, but out-of-state producers may only ship malt beverage products directly to Oregon consumers if their home state allows for reciprocity with Oregon. That is, only if Oregon beer producers can ship malt beverages directly to residents of that state, may out-of-state producers ship to Oregon consumers. Plaintiffs assert that Washington does not allow any beer producer, local or out-of-state, to directly ship malt beverages to Washington residents. Thus, Brewery Plaintiffs cannot sell their products online to Oregon consumers and then directly ship those products to the consumers' homes, and Plaintiff Odden cannot purchase and receive beer directly from Washington beer producers. Plaintiffs challenge these statutes and regulations.

## DISCUSSION

**A.  Motion to Strike**

Plaintiffs moved for leave to file an amended complaint under Rule 15(a)(1) on October 7, 2022, nine days after Defendants moved to dismiss. Rule 15(a)(1)(B), however, allows a plaintiff to amend their complaint as a matter of course within 21 days after a defendant

PAGE 7 – OPINION AND ORDER

files a motion to dismiss under Rule 12(b). Thus, Plaintiffs had the right to amend their complaint as a matter of course when they moved for leave on October 7, 2022. Defendants, however, argue that Plaintiffs failed properly to amend their complaint as a matter of course because Plaintiffs did not "file" their complaint, but instead requested leave to file their complaint and attached it to their response brief. Plaintiffs did not formally file their complaint until October 24, 2022, more than 21 days after Defendants filed their motion to dismiss. Thus, argue Defendants, the First Amended Complaint is untimely under Rule 15(a)(1) and Plaintiffs did not file a proper motion under 15(a)(2).

The Court is unpersuaded by Defendants' argument, which places form over substance. Plaintiffs filed their First Amended Complaint as an attachment on October 7, 2022, within Rule 15(a)(1)(B)'s deadline. Even if Plaintiffs misinterpreted the procedure under Rule 15(a)(1)(B), the Court construes Plaintiffs' request for leave to file the amended complaint as one under Rule 15(a)(2) and grants leave to amend. *See* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."). Further, there is no undue prejudice to Defendants in allowing the amendment. The Court grants Plaintiffs leave to file their First Amended Complaint and deems the First Amended Complaint, ECF 27, appropriately filed.[3]

---

[3] Plaintiffs' First Amended Complaint added as defendants Commissioners Currin, Doherty, Floyd, Gyapong-Porter, Maletis, and Révoal. In the interest of fairness, the deadline for their response is triggered as of the date of this Opinion and Order. *See* Fed. R. Civ. P. 15(a)(3) ("[A]ny required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

PAGE 8 – OPINION AND ORDER

**B.  Motion to Dismiss**

The state raises both Eleventh Amendment sovereign immunity, to which Plaintiffs argue the *Ex parte Young* exception, and Plaintiffs' lack of standing to seek the prospective injunctive relief requested. Although intertwined, standing and the *Ex parte Young* exception to sovereign immunity are distinct doctrines. *See Palomar Pomerado Health Sys. v. Belshe*, 180 F.3d 1104, 1108 (9th Cir. 1999) (explaining that *Ex parte Young* does not provide a basis for standing). Because the Court concludes that Governor Kotek is immune from suit in federal court under the Eleventh Amendment, the Court declines to address Defendants' arguments on standing.

Defendants argue that *Ex parte Young* is inapplicable because Governor Kotek has no authority to enforce Oregon's liquor control laws and regulations. Instead, argue Defendants, the Oregon State Legislature has entrusted the OLCC with the "powers necessary or proper to . . . carry out . . . all the purposes of [Oregon's Liquor Control Act]." ORS § 471.040(1).

In response to Defendants' motion, Plaintiffs highlight Governor Kotek's authority over the OLCC, asserting that this authority establishes the necessary connection between Governor Kotek and enforcement of the allegedly unconstitutional statutes and regulations. First, Plaintiffs argue that the Governor has the authority to appoint the OLCC's commissioners and designate a chairperson. ORS § 471.705(1). Plaintiffs also note that up to "four commissioners may be from the same political party," allowing the Governor to appoint her party to a majority. *Id.* This is especially relevant, argue Plaintiffs, because "[a] majority of the commissioners constitutes a quorum . . . for the performance of any duty or for the exercise of any power of the commission." ORS § 471.715(2). Plaintiffs contend that this allows Governor Kotek effectively to determine the manner and degree with which the OLCC enforces Oregon's liquor control laws and regulations. Finally, Plaintiffs note that the Governor has the authority to remove OLCC commissioners "for inefficiency, neglect of duty, or misconduct in office." ORS § 471.710(1).

PAGE 9 – OPINION AND ORDER

The Court notes that Plaintiffs only assert these arguments in their brief. They do not allege them in their First Amended Complaint. The only fact alleged in Plaintiffs' First Amended Complaint is that Oregon's Liquor Control Act "contemplates a role for the state's governor in its enforcement that includes but is not limited to appointing and removing commissioners from the OLCC and designating the chairperson of the commission."

Even accepting the facts argued by Plaintiffs as incorporated by reference through the broad allegation in Plaintiffs' First Amended Complaint or as facts of which the Court can take judicial notice, they fail to "establish the requisite connection between [Governor Kotek] and the [alleged] unconstitutional acts." *See L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983). In *Whole Woman's Health*, the Supreme Court made clear that to sue a state official under *Ex parte Young*, the plaintiff must point to some provision in the challenged law that provides the official with the requisite enforcement authority. 142 S. Ct. at 534 ("[T]he petitioners do not direct this Court to any enforcement authority the attorney general possesses in connection with S. B. 8 that a federal court might enjoin him from exercising."). Plaintiffs point to nothing in the text of the Liquor Control Act conferring a "fairly direct" connection between Governor Kotek and enforcement of the statutory and regulatory provisions that are allegedly unconstitutional. *See Eu*, 979 F.2d at 704. As Defendants note, it is the OLCC that has the "function, duties and powers . . . [t]o control the manufacture, possession, sale, purchase, transportation, importation and delivery of alcoholic liquor in accordance with the [Liquor Control Act]." ORS § 471.730.

Plaintiffs cite *Eu* in support of their assertion that Governor Kotek's authority to appoint and remove OLCC commissioners gives her a fairly direct connection to enforcement of the allegedly unconstitutional statutes and regulations. The facts of *Eu* are distinguishable, however, from those presented here. The plaintiff in *Eu* challenged a California statute that prescribed the

PAGE 10 – OPINION AND ORDER

number of judges in Los Angeles County, arguing that the number of judges was unconstitutionally low. *Eu*, 979 F.2d at 699. The Ninth Circuit held that the *Ex parte Young* exception applied to that plaintiff's claims against the governor. *Id*. at 704. It reasoned that if that plaintiff's claim were successful, the state legislature would need to amend the statute to provide for more judges, and the governor would be statutorily bound to appoint judges to fill those positions. *Id*. Thus, the governor had an adequate connection to the challenged law. *Id*. Here, an injunction prohibiting enforcement of the allegedly unconstitutional statutory and regulatory provisions would not affect Governor Kotek's duty to appoint or remove OLCC commissioners. Governor Kotek does not have a "duty of enforcement" with respect to the challenged provisions. *See Ex parte Young*, 209 U.S. at 157. Instead, the Oregon State Legislature has entrusted Governor Kotek with a duty of appointment, and Plaintiffs' claims do not invoke that duty.

In sum, the *Ex parte Young* exception does not apply to Plaintiffs' claims against Governor Kotek because Governor Kotek's authority to appoint and remove OLCC commissioners is not a sufficiently direct connection to *enforcement* of the allegedly unconstitutional statutory and regulatory provisions. *See Long v. Van de Kamp,* 961 F.2d 151, 152 (9th Cir. 1992) ("[U]nder *Ex parte Young* there must be a connection between the official sued and enforcement of the allegedly unconstitutional statute . . . ." (citation omitted)). Other courts have reached similar conclusions on similar facts. *See, e.g.*, *Church v. Missouri*, 913 F.3d 736, 741, 753 (8th Cir. 2019) (concluding that the *Ex parte Young* exception did not apply to the governor in a case alleging state violations of the Sixth Amendment, as the governor's general enforcement authority and his authority to appoint members of the State Public Defender's Commission did not connect him to the state's Sixth Amendment obligation)*; N. Carolina State Conf. of NAACP v. Cooper*, 397 F. Supp. 3d 786, 791, 802 (M.D.N.C. 2019) (concluding that the

PAGE 11 – OPINION AND ORDER

governor's responsibility for appointing and removing members of the State Board of Elections and other officials did not alone give the governor a special relationship to enforcement of a law requiring photo identification to vote). Thus, Governor Kotek is immune from suit under the Eleventh Amendment.

## CONCLUSION

The Court GRANTS IN PART Defendants' Motion to Dismiss (ECF 24), dismissing Plaintiffs' claims against Governor Kotek without prejudice but without leave to amend in this Court, and DENIES Defendants' Motion to Strike Plaintiffs' First Amended Complaint (ECF 28).

**IT IS SO ORDERED**.

DATED this 17th day of February, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge