Judith A. Parker, OSB 064618
judy@winemakerslawyer.com
J. A. Parker Law Firm LLC
PO Box 6555
Portland, OR 97228-0811
503-862-8583
Attorney for Plaintiffs

Robert D. Epstein, Indiana Bar No. 6726-49
rdepstein@aol.com
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204-3530
317-639-1326
Attorney for Plaintiffs

James A. Tanford, Indiana Attorney No. 16982-53
tanford@indiana.edu
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204-3530
812-332-4966
Attorney for Plaintiffs

Alexander Avtgis, Indiana Attorney No. 34994-53
alexander.b.avtgis@gmail.com
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204-3530
508-524-1451
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GARDEN PATH FERMENTATION LLC, FORTIS BREWING COMPANY LLC d/b/a FORTSIDE BREWING, MIRAGE BEER LLC, and JOSEPH ODDEN, | Case No.: 3:22-cv-01086-SI<br><br>FIRST AMENDED COMPLAINT |

FIRST AMENDED COMPLAINT - 1

Plaintiffs,

vs.

ELLEN ROSENBLUM, Attorney General of Oregon, in her official capacity; JENNIFER CURRIN, Commissioner of the Oregon Liquor and Cannabis Commission, in her official capacity; DENNIS DOHERTY, Commissioner of the Oregon Liquor and Cannabis Commission, in his official capacity; KIAUNA FLOYD, Commissioner of the Oregon Liquor and Cannabis Commission, in her official capacity; FAY GYAPONG-PORTER, Commissioner of the Oregon Liquor and Cannabis Commission, in her official capacity; MATT MALETIS, Commissioner of the Oregon Liquor and Cannabis Commission, in his official capacity; and MARVIN RÉVOAL, Chairperson of the Oregon Liquor and Cannabis Commission, in his official capacity.

Defendants.

42 U.S.C. § 1983
(COMMERCE CLAUSE)

## FIRST AMENDED COMPLAINT

Plaintiffs make the following allegations based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Oregon laws, rules, and practices that: (a) allow in-state beer producers to sell, deliver, and ship beer directly to consumers but prohibit out-of-state beer producers in Washington from doing so; and (b) allow in-state beer producers to self-distribute directly to Oregon full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments but prohibit out-of-state

FIRST AMENDED COMPLAINT - 2

breweries from doing so. An out-of-state beer producer, such as Garden Path Fermentation LLC ("Garden Path"), and many other beer internet sellers throughout the United States, cannot sell, ship, and deliver to Oregon consumers because this practice is illegal. Likewise, an out-of-state Washington beer producer such as Fortis Brewing Company LLC d/b/a Fortside Brewing ("Fortside Brewing"), together with every brewery located outside of the State of Oregon, cannot directly distribute beer to Oregon on-premises sales licensees and other retail establishments because this practice is illegal. The Plaintiffs seek a declaratory judgment that these two (2) regulatory schemes are unconstitutional because they respectively violate the Commerce Clause and discriminate against out-of-state beer producers engaged in interstate commerce. The Plaintiffs seek an injunction barring the Defendants from enforcing these laws, rules, and practices and requiring them to allow: (a) out-of-state beer producers to sell, ship, and deliver beer to Oregon consumers upon the same terms as in-state beer producers; and (b) out-of-state beer producers to self-distribute beer to Oregon full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments.

## JURISDICTION

1.   This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2.   This Court has authority to grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

///

///

FIRST AMENDED COMPLAINT -  3

**PLAINTIFFS**

3. Consumer Plaintiff Joseph Odden is a resident of Parkdale, Hood River County, Oregon. He is over the age of twenty-one, and is legally permitted to purchase, receive, possess, and drink beer at his residence. He is a beer collector and desires to purchase special beers that are difficult to locate. As a consumer of fine and artisanal beer, he would like to purchase craft beer from out-of-state beer producers in Washington which would be added to his beer collection, and have those beers shipped to his residence in Oregon, but Oregon laws, rules, and practices prohibit the out-of-state beer producers from doing so.

4. Garden Path is a Washington company that operates a brewery in Burlington, Washington, and engages in internet sales. Consumers from all over the country, including many from Oregon, enjoy Garden Path's offerings. It has developed long-term relationships with customers to whom it makes sales of special beers and with customers who wish to have its beer shipped directly to them. It has received requests that it sell, ship, and deliver beer to Oregon consumers, but is unable to do so because it is unlawful.

5. Garden Path maintains an Internet web site and has previously handled deliveries and shipping of beer that was purchased from its online store.

6. Fortside Brewing is a Washington company that operates a brewery in Vancouver, Washington. Consumers from all over the country, including many from Oregon, enjoy Fortside Brewing's beer. It has developed long-term relationships with customers to whom it makes sales of special beers and with customers who wish to have its beer shipped directly to them. It has received requests that it sell, ship, and deliver beer to Oregon consumers, but is unable to do so because it is unlawful.

FIRST AMENDED COMPLAINT - 4

7. A significant portion of the business conducted by Fortside Brewing, like other area Washington breweries, is to Portland bar establishments, including OLCC licensees Saraveza Craft Beer Bar and the small plates pub, Sessionable. Such establishments regularly carry and purchase beer products from Fortside Brewing, and they would be interested in buying Fortside Brewing products which are shipped and delivered by the brewery Plaintiff itself. Further, brewery Plaintiff would like to self-distribute products directly to Oregon bar establishments without the use of a wholesaler. Self-distribution, if allowed, would be at great cost savings to Brewery Plaintiffs, all such similarly situated Washington breweries, and the retail establishments which purchase their products.

8. Mirage Beer LLC ("Mirage Beer") is a Washington company that operates a brewery in Seattle, Washington. Consumers from all over the country, including many from Oregon, enjoy Mirage Beer's brewed products. It has developed long-term relationships with customers to whom it makes sales of special beers and with customers who wish to have its beer shipped directly to them. It has received requests that it sell, ship, and deliver beer to Oregon consumers, but is unable to do so because it is unlawful.

9. Oregon does allow for direct shipping to consumers only in those few states where reciprocity is allowed, and Washington is not one of them. Brewery Plaintiffs anticipate that Defendants would enforce current Oregon laws, rules, and practices to prevent any attempts to directly ship their products to Oregon consumers.

10. Brewery Plaintiffs intend to sell, ship, and deliver beer directly to Oregon consumers, such as Plaintiff Odden, if the laws and regulations prohibiting such sales and shipments are removed or declared unconstitutional.

FIRST AMENDED COMPLAINT - 5

11. Brewery Plaintiffs anticipate that Defendants would enforce current Oregon laws to prevent any attempts to sell and self-distribute their products to Oregon establishments.

12. Brewery Plaintiffs intend to sell and self-distribute beer to Oregon full on-premises, on-premises, and off-premises sales licensees and retail establishments if the laws prohibiting such sales and distribution are removed or declared unconstitutional.

13. Plaintiffs intend to pay all taxes that may be due on such interstate and self-distribution shipments and to comply with all other non-discriminatory state laws and regulations, including obtaining licenses if one were available.

## DEFENDANTS

14. Defendants are sued in their official capacities.

15. Defendant Ellen Rosenblum is the Attorney General of Oregon and is generally empowered to enforce Oregon laws. The Attorney General oversees state law enforcement agencies, is responsible for legal services, advice and representation of state boards and commissions, and is the state official responsible for addressing issues of the constitutionality of state laws. Additionally, the Attorney General is given authority by 27 U.S.C. § 122a to bring civil action for injunction relief against Plaintiffs (and others) to enforce compliance with state law and/or to restrain them from engaging, or continuing to engage, in violations of the Liquor Control Act.

16. Defendant Marvin Revoal is the Chairperson of the Oregon Liquor and Cannabis Commission, which is charged with enforcing Oregon liquor control laws, rules, and practices, including the ones challenged in this lawsuit, pursuant to O.R.S. § 471.040.

FIRST AMENDED COMPLAINT - 6

17. Jennifer Currin is a Commissioner of the Oregon Liquor and Cannabis Commission, which is charged with enforcing Oregon liquor control laws, rules, and practices, including the ones challenged in this lawsuit, pursuant to O.R.S. § 471.040.

18. Dennis Doherty is a Commissioner of the Oregon Liquor and Cannabis Commission, which is charged with enforcing Oregon liquor control laws, rules, and practices, including the ones challenged in this lawsuit, pursuant to O.R.S. § 471.040.

19. Kiauna Floyd is Commissioner of the Oregon Liquor and Cannabis Commission, which is charged with enforcing Oregon liquor control laws, rules, and practices, including the ones challenged in this lawsuit, pursuant to O.R.S. § 471.040.

20. Fay Gyapong-Porter is a Commissioner of the Oregon Liquor and Cannabis Commission, which is charged with enforcing Oregon liquor control laws, rules, and practices, including the ones challenged in this lawsuit, pursuant to O.R.S. § 471.040.

21. Matt Maletis is a Commissioner of the Oregon Liquor and Cannabis Commission, which is charged with enforcing Oregon liquor control laws, rules, and practices, including the ones challenged in this lawsuit, pursuant to O.R.S. § 471.040.

22. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

### Count I: Commerce Clause Violation

23. Plaintiffs repeat and re-allege paragraphs 1-22 as if set out fully herein.

24. In the State of Oregon, a resident beer producer may sell, ship, and deliver directly to Oregon consumers any beer that it produces under the direct shipper permit statute provided for in O.R.S. § 471.282 and O.A.R. 845-006-392. There is no license

FIRST AMENDED COMPLAINT - 7

available in Oregon that could be issued to out-of-state breweries in the State of Washington to allow for sales, shipment, and direct delivery of malt beverages, although there is such a certificate of authority available in Oregon to out-of-state wineries in the State of Washington.

25. Brewery Plaintiffs are not located in Oregon and are prohibited by law from selling, delivering, or shipping beer from its inventory directly to consumers in Oregon under O.R.S. § 471.282, O.A.R. 845-005-0417, O.A.R. 845-006-0396 and the enforcement practices of Defendants.

26. Defendants and other law enforcement agencies in Oregon intend to enforce the aforementioned laws and rules that prohibit out-of-state beer producers in Washington from selling, delivering, and shipping beer directly to consumers.

27. Joseph Odden is a beer consumer and he wants the opportunity to buy beer directly from Garden Path, Fortside Brewing, Mirage Beer, and other beer producers outside of Oregon, and to have these beers delivered to his residence.

28. He has contacted several out-of-state beer producers, including Plaintiffs, either on the Internet or by phone to buy beers he cannot find locally, including those of Plaintiffs.

29. Many breweries who produce limited production, specialty, and unusual craft beer are located outside of Oregon. Joseph Odden cannot afford the time and expense of traveling great lengths to out-of-state beer producers to purchase a few bottles of rare beer and personally transport them home.

30. He has attempted to purchase beer, including beer which he could not obtain locally, from out-of-state beer producers located in states that do not allow direct shipment from Oregon breweries and has been denied these purchases.

31. Some beers that he wants to buy are only available directly from the non-Oregon beer producers themselves. This includes older, aged beers no longer generally available, and current beers that have sold out locally after receiving favorable reviews or because few bottles of the limited production beer were allocated to Oregon and Oregon wholesalers.

32. At present, Brewery Plaintiffs are forced to use wholesaler entities at significant additional costs to themselves to make available their products, rare or not, to Oregon consumers such as Plaintiff Odden, whereas their counterpart in-state Oregon breweries are not required to make such expenditures. Direct shipping would be a significant cost-savings to Brewery Plaintiffs.

33. Consumer Plaintiff cannot complete the transactions described in paragraphs 26-34 because the laws, regulations, and practices of Oregon prohibit direct sales and shipments of beer from out-of-state beer producers in select states to in-state consumers and state officials will not issue any kind of license that would allow such transactions.

34. If Plaintiffs Fortside Brewing, Garden Path, and Mirage Beer were permitted to sell, ship, and deliver their beer directly to consumers in the State of Oregon, either by using their own vehicle or by common carrier, each would obtain a license if one were available and would comply with the same rules concerning labeling, shipping, reporting, obtaining proof of age, and paying taxes as imposed upon and adhered to by in-state beer producers.

FIRST AMENDED COMPLAINT -  9

35. By refusing to allow Plaintiffs Fortside Brewing, Garden Path, and Mirage Beer to sell, ship, and deliver beer upon the same terms as in-state beer producers, the State of Oregon is discriminating against interstate commerce and protecting the economic interest of local businesses by shielding them from competition, in violation of the Commerce Clause of the United States Constitution.

**Count II: Commerce Clause Violation**

36. Plaintiffs repeat and re-allege paragraphs 1-35 as if set out fully herein.

37. In the State of Oregon, a resident beer producer may self-distribute directly to Oregon full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments any beer that it produces under the provisions of O.R.S. §§ 471.200 and 471.221.

38. Brewery Plaintiffs are not located in Oregon and are prohibited by law under O.R.S. § 471.404 from self-distributing directly to Oregon full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments.

39. Defendants and other law enforcement agencies in Oregon intend to enforce the aforementioned laws that prohibit out-of-state breweries from self-distributing directly to Oregon full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments.

40. Brewery Plaintiffs intend to distribute their own products to Portland establishments with which it has business relationships either by using their own vehicles or with a common carrier at a huge cost savings to itself.

41. At present, Brewery Plaintiffs are forced to use wholesaler entities at significant additional cost to make available their products to Oregon on-premises sales and retail licensees, whereas their counterpart in-state Oregon breweries are not required to make such expenditures. Self-distribution would be a significant cost-savings to Brewery Plaintiffs.

42. Brewery Plaintiffs cannot complete the transactions described in paragraphs 37-41 because Oregon prohibits self-distribution from out-of-state beer producers to in-state full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments, and state officials will not issue any kind of license that would allow such transactions.

43. If Brewery Plaintiffs were permitted to sell and self-distribute their beer directly to full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments in the State of Oregon, each would obtain a license if one were available and would comply with the same rules concerning labeling, shipping, reporting, and paying taxes as imposed upon and adhered to by in-state beer producers.

44. By refusing to allow Brewery Plaintiffs to sell and self-distribute beer upon the same terms as in-state beer producers, the State of Oregon is discriminating against interstate commerce and protecting the economic interest of local businesses by shielding them from competition, in violation of the Commerce Clause of the United States Constitution.

///

///

FIRST AMENDED COMPLAINT -  11

**Prayer For Relief**

WHEREFORE, Plaintiffs seek the following relief:

A. Judgment declaring Oregon law, rules, and practices that prohibit out-of-state beer producers from selling, shipping, and delivering beer directly to an Oregon consumer unconstitutional as a violation of the Commerce Clause of the United States Constitution.

B. Judgment declaring Oregon law, rules, and practices that prohibits out-of-state beer producers from selling and self-distributing directly to Oregon full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments unconstitutional as a violation of the Commerce Clause of the United States Constitution.

C. An injunction prohibiting Defendants from enforcing those rules and regulations; and requiring Defendants to allow out-of-state beer producers to obtain licenses and to sell, ship, and deliver beer directly to customers and to self-distribute their products to full on-premises, limited on-premises, and off-premises sales licensees and other OLCC-licensed retail establishments in Oregon.

D. Plaintiffs do not request the State to forego its requirements for licenses to direct ship and to self-distribute, and Brewery Plaintiffs would seek to obtain such licenses were they made available to them.

E. Plaintiffs do not request that the State be enjoined from collecting any tax due on the sale of beer.

F. An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

FIRST AMENDED COMPLAINT - 12

G.      Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

Dated, March 1, 2023,

Attorneys for Plaintiffs

/s/ Robert D. Epstein
Robert D. Epstein, Indiana Attorney No. 6726-49
Rdepstein@aol.com
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  317-639-1326
Fax:  317-638-9891


/s/ James A. Tanford
James A. Tanford, Indiana Attorney No. 16982-53
Tanford@indiana.edu
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  812-332-4966
Fax:  317-638-9891


/s/ Alexander Avtgis
Alexander Avtgis, Indiana Attorney No. 34994-53
Alexander.b.avtgis@gmail.com
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  508-524-1451
Fax:  317-638-9891


/s/ Judith A. Parker
Judith A. Parker, OSB 064618
Judy@winemakerslawyer.com
J.A. Parker Law Firm LLC
PO Box 6555
Portland, Oregon 97228-0811
503-862-8583

FIRST AMENDED COMPLAINT -  13